1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LESLIE NAROG,

11              Plaintiff,              No. CIV S-11-2618 GEB EFB PS

12        vs.

13    BANK OF AMERICA HOME LOAN
      SERVICING LP, et al.,
14                                      ORDER AND
              Defendants.              FINDINGS AND RECOMMENDATIONS
15    _____/

16        This case is before the undersigned pursuant to Eastern District of California Local Rule

17    302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On October 4, 2011, plaintiff filed a complaint in this

18    action and paid the filing fee.  Dckt. No. 1.  The same day, the court issued its initial scheduling

19    order.  Dckt. No. 4.  That order directed plaintiff to complete service of process within 120 days

20    (*see* Federal Rule of Civil Procedure ("Rule") 4(m)), and set a scheduling conference for

21    February 15, 2012.  *Id.*  The order further directed the parties to file status reports no later than

22    fourteen days prior to the February 15, 2012 scheduling conference (or by February 1, 2012),

23    and cautioned the parties that failure to obey the federal or local rules or orders of the court

24    could result in sanctions, including a recommendation that the case be dismissed.  *Id.*

25        On February 8, 2012, because the court file revealed that plaintiff had not filed a status

26    report, as required by the October 4, 2011 order, and had not yet effected service of process on

                                        1

defendants, the status conference was continued to April 18, 2012 and plaintiff was ordered to show cause by April 4, 2012 why this case should not be dismissed for failure to follow court orders and for failure to effect service of process within the time prescribed by Rule 4(m).  Dckt. No. 5 (citing Fed. R. Civ. P. 4(m); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.")).  Plaintiff was also ordered to file a status report on or before April 4, 2012.  *Id.*  The order to show cause admonished plaintiff that a "[f]ailure to timely comply . . . may result in sanctions, including a recommendation that this action be dismissed for lack of prosecution."  *Id.*

Although the deadline has passed, plaintiff has not filed a response to the order to show cause, has not filed a status report, and has not demonstrated that she has properly served any of the defendants.  In fact, plaintiff has not filed anything in this action since the complaint was filed in October 2011.  Therefore, the undersigned will recommend that this case be dismissed for failure to prosecute and for failure to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1.  The status (pretrial scheduling) conference currently set for hearing on April 18, 2012, is vacated;[1] and

2.  The February 8, 2012 order to show cause is discharged.

////

---

[1] However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

IT IS FURTHER RECOMMENDED that:

1.  This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action and to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules; and

2.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:   April 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3